UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number: 1:18-cv-07490-Ellis**

ANCEL MONTENELLI,

    Plaintiff,

vs.

QI LIN, INC.
and JOHN DOE,

    Defendants.

## AMENDED COMPLAINT

Plaintiff Ancel Montenelli, by and through his undersigned counsel, hereby files this Amended Complaint against Defendant Qi Lin, Inc. doing business as Legend Tasty House and Defendant John Doe for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and alleges as follows:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

3. All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

1

## PARTIES

4. Plaintiff Ancel Montenelli ("Plaintiff") is a resident of the state of Illinois and disabled as he suffers from a spinal cord injury and uses a wheelchair for mobility. Thus, Plaintiff suffers from what constitutes a qualified disability as defined by the ADA, 42 US Code §12102(1)(A), (2); 28 C.F.R. §36.105(b)(2); and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Qi Lin, Inc. (also referenced "tenant," "Qi Lin, Inc.," or lessee") is the owner of a family friendly restaurant under the name "Legend Tasty House" which is open to the public.

6. Defendant Qi Lin, Inc. is authorized to conduct, and is conducting, business within the State of Illinois and within the jurisdiction of this court.

7. Defendant John Doe (also referenced as "Lessor," or "Owner") is the owner of real property located at 2242 South Wentworth Avenue, Chicago, Illinois 60616 which Lessor leases to co-Defendant Qi Lin, Inc. On information and belief, John Doe is authorized to conduct, and is conducting business within the State of Illinois.

8. Co-Defendant Qi Lin, Inc. (the lessee) in turn operates the Legend Tasty House restaurant within that leased space.

## FACTS

9. Qi Lin, Inc.'s Legend Tasty House restaurant is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as: "[A] restaurant, bar, or other establishment serving food or drink". The Legend Tasty House restaurant is also referenced throughout as "Legend Tasty House," "restaurant," or "place of public accommodation."

10. As the operator of a restaurant which is open to the public, Defendant Qi Lin, Inc. is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104.

11. As the owner and lessor (to others) of commercial space which is open to the general public as a restaurant, co-Defendant John Doe is also defined as a "Public Accommodation" within meaning of Title III because Defendant John Doe is a private entity which owns and/or leases to others "[A] restaurant, bar, or other establishment serving food or drink"; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Illinois Civil Rights Act, codified as Title XLIV. That commercial space is also referred to throughout a "place of public accommodation," "building," or "Subject Facility."

12. On June 16, 2018, Plaintiff personally visited Defendant Qi Lin, Inc.'s Legend Tasty House restaurant (which is located within co-Defendant John Doe's building) to purchase a meal.

13. The Plaintiff was denied full and equal access to the restaurant because the front entrance did not have an accessible route for the Plaintiff's wheelchair.

14. Further, the restroom sink within the restaurant did not provide a front and side maneuvering clearance to accommodate Plaintiff and Plaintiff's wheelchair.

15. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities of the Legend Tasty House restaurant by the operator/lessee of that restaurant (Defendant Qi Lin, Inc.) and by the owner/lessor of that building which houses the restaurant (Defendant John Doe).

16. As a result of the joint and several discrimination by Defendant Qi Lin, Inc. and Defendant John Doe, Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Legend Tasty House restaurant which is within Defendant John Doe's building, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain at the Legend Tasty House restaurant, in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

21. Congress found, among other things, that:

   (i) some 43,000,000[1] Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate

---

[1] According to the 2010 Census, 56.7 million people, or 19% of the population had a disability.

individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Defendant John Doe is subject to the provisions of 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104 because it is the owner and lessor of a building (real property) which houses a restaurant (operated by Defendant Qi Lin, Inc.) which is open to the public and is therefore a place of public accommodation. As such, the owner of the building[2] which leases the retail space and the Qi Lin, Inc. of the restaurant[3] is jointly and singularly governed by the ADA, and must be in compliance therewith.

24. Defendant John Doe (owner/lessor of the building) and the attendant operator of the restaurant (Defendant Qi Lin, Inc.) have discriminated against disabled patrons (in derogation of 28 C.F.R. Part 36).

25. Defendant John Doe (the owner/lessor) and Defendant Qi Lin, Inc. (the lessee and operator of the restaurant) have discriminated (and continue to discriminate) against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the restaurant.

27. Prior to the filing of this lawsuit, the Plaintiff personally visited the building owned by Defendant John Doe (lessor) and the place of public accommodation

---

[2] Defendant John Doe
[3] Defendant Qi Lin, Inc.

therein specifically the Legend Tasty House restaurant operated by Defendant Qi Lin, Inc., (the lessee), with the intention of patronizing that restaurant for the purpose of purchasing and eating a meal therein. But (as an individual with a disability who utilizes a wheelchair for mobility), the Plaintiff has been denied adequate accommodation by virtue of being unable to independently enter the restaurant to purchase a meal, as well as to utilize the restroom sink within the restaurant, due do those area's inaccessible features, and therefore suffered an injury in fact.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendant John Doe (owner/lessor) which houses the Legend Tasty House restaurant is operated by Defendant Qi Lin, Inc. (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Qi Lin, Inc. (the lessee and operator of the restaurant) and Defendant John Doe (owner/lessor) (jointly and severally): the entrance of the restaurant does not have signage displaying the international symbol for accessibility, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

    ii. As to Defendant Qi Lin, Inc. (the lessee and operator of the restaurant) and Defendant John Doe (owner/lessor) (jointly and severally): failure to provide an accessible entrance. The entrance to the Legend Tasty House restaurant has a step up without any provision of a ramp. The step represents an insurmountable barrier to independent entry to the Legend Tasty House by the Plaintiff and other individuals who use wheelchairs or electronic scooters, in violation of 28 C.F.R. Part 36, Section 4.7; 2010 ADA Standards for Accessible Design Section 206.2.1 and 206.4.

    iii. As to Defendant Qi Lin, Inc. (the lessee and operator of the restaurant) and Defendant John Doe (owner/lessor) (jointly and severally): failure to provide bathroom sink with accessible front and side approach. This represents an insurmountable barrier to independent use of the bathroom sink in violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 4.2.5, 4.2.6, 4.15.5(2), 4.16.2, 4.24.3, and 4.24.5.

30. More access barrier violations may be present, which will be determined and proven through the discovery process.

31. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the building and the restaurant housed therein accessible to persons with disabilities since January 28, 1992. The property owner/lessor Defendant John Doe and the lessee (operator of the restaurant) Defendant Qi Lin, Inc., have jointly and severally failed to comply with this mandate.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the restaurant therein

such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the restaurant until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Ancel Montenelli hereby demands judgment against the property lessor (owner of the building) Defendant John Doe and the lessee (operator of the restaurant) Defendant Qi Lin, Inc. and requests the following injunctive and declaratory relief:

a) The Court declares that the property owner/lessor Defendant John Doe and the lessee/operator Defendant Qi Lin, Inc. are violative of the ADA and order the restaurant to be closed to the public until such time as it is deemed by this Court to be accessible;

b) The Court enter an Order requiring the property owner/lessor Defendant John Doe and the lessee/operator Defendant Qi Lin, Inc. to alter the restaurant such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing the owner/lessor Defendant John Doe and the lessee/operator Defendant Qi Lin, Inc. to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the parties (jointly and severally) to undertake and complete corrective procedures to the building and the attendant business (restaurant) therein;

d) The Court award reasonable attorneys fees, costs, and other expenses of suit, to the Plaintiff; and

  e)  The Court awards such other and further relief as it deems necessary, just and proper.

Dated this 9th day of August, 2019

           Respectfully submitted,

           *s/Scott Dinin*
           Scott R. Dinin, Esq.
           Scott R. Dinin, P.A.
           4200 NW 7th Avenue
           Miami, Florida 33127
           Tel: (786) 431-1333
           Fax: (786) 513-7700
           inbox@dininlaw.com
           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send the foregoing to counsel of record:

Terry D Slaw, Esq.
Alan H Shifrin & Associates, LLC
3315 Algonquin Road, Suite 202
Rolling Meadows, Ill 60008
Tel 847-222-0500
Email: info@ashiflaw.com
*Counsel for Defendant*
*Legends Tasty House, Inc.*

               *s/ Scott Dinin*